UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | |
| Plaintiff, | Civil Action No. 5:22-cv-00038 |
| v. | JURY TRIAL DEMANDED |
| SMILES OF VIRGINIA FAMILY DENTAL CENTER, PLLC and DR. NIELS OESTERVEMB, | |
| Defendants. | |

**COMPLAINT**

Plaintiff Align Technology, Inc. ("Plaintiff" or "Align") hereby files this Complaint against Defendants Smiles of Virginia Family Dental Center, PLLC ("Smiles of Virginia") and Dr. Niels Oestervemb ("Oestervemb") (collectively "Defendants"), alleging as follows:

**NATURE OF THE CASE**

1.   This case arises out of Defendants' improper efforts to mislead consumers into believing that they and/or their product or service offerings are affiliated with, endorsed by, sponsored by, or approved by Align by featuring Align's federally registered and incontestable Invisalign® and Align® trademarks in their advertising and promotional materials.

2.   Defendants' conduct is unlawful and blatant, as shown on their website here:



*See* Exhibit A, https://www.smilesofvirginia.com/services/cosmetic-dentistry/invisalign/ (relevant portion of page shown).

3. Defendants misrepresent an affiliation with Align and its Invisalign® system, including by representing that they are Invisalign® providers, which they are not, and by making it appear to consumers that they are offering the Invisalign® system, which they do not. Once they have lured consumers to their offices using the Invisalign® trademark, Defendants then do a bait-and-switch, substituting in other non-Invisalign® aligners instead.

4. Defendants' infringing activities have caused and will continue to cause both pecuniary and irreparable harm to Align if not enjoined by the Court.

## JURIDSICTION AND VENUE

5. This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over this action and the claims asserted herein pursuant to at least 28 U.S.C. §§ 1331 and 1338(a) and (b).

6. This Court has personal jurisdiction over the Defendants because Defendants have a continuous, systematic, and substantial presence within this judicial district and within Virginia, including physical offices and residences in this district.

7. Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391 and/or 1400, including because a substantial part of the events giving rise to the claims herein occurred within this judicial district, and because a substantial number of consumers who reside in this district may be confused by Defendants' infringing conduct. Further, Defendants reside in, have their principal place of business in, and have infringed Align's registered trademarks and committed the other acts complained of herein, all within this judicial district.

## PARTIES

8. Plaintiff Align is a Delaware corporation with its principal place of business at 410 North Scottsdale Road, Suite 1300, Tempe, Arizona 85281.

9. On information and belief, Defendant Smiles of Virginia is Limited Liability Company registered in Virginia with its principal place of business at 633 Cedar Creek Grade, Winchester, Virginia 22601.

10. On information and belief, Defendant Dr. Niels Oestervemb is a resident of Virginia with his address at 2329 Stoneridge Road, Winchester, Virginia 22601.

## FACTUAL ALLEGATIONS

A. **Align and the Invisalign® System**

11. Plaintiff Align is a global medical device company founded in 1997 engaged in inventing, developing, making, and selling innovative products that help dental and orthodontic professionals deliver effective, cutting-edge options to their patients. Align is perhaps best known for its Invisalign® clear aligner system for straightening teeth.

12. The Invisalign® system is a proprietary method for treating malocclusion based on a series of doctor-prescribed, custom manufactured, clear plastic, removable aligners. The Invisalign® clear aligners can be removed (for eating and teeth cleaning), without the metal brackets and wires traditionally used in braces. Align's Invisalign® system has shown proven results based on its lengthy use, and is FDA-cleared, setting it apart from other clear aligner systems.

13. Align has provided its high-quality medical and dental devices to consumers for over twenty years. Over this time, Align has invested more than a billion dollars in innovation, including developing its state of the art proprietary materials, impression systems, predictive software and other research and development. Align continues to spend more than $100 million annually on research and development to provide patients the best possible treatment options. Align has treated over 12 million patients world-wide, and has built a stellar reputation and acquired substantial goodwill in the process, all in connection with both the Invisalign® and Align® names and trademarks.

14. Align offers its Invisalign® system exclusively through authorized dentists and orthodontists who are trained and provided support by Align. Authorized providers benefit from their affiliation and endorsement by Align, Align® training services and ongoing support, and also from the name recognition and reputation that offering the Invisalign® system provides.

15. Market research establishes that patients frequently select providers based on the fame of the Invisalign® system, including the associated excellent reputation and strong goodwill, and that patients also select providers based on their affiliation with Align and ability to offer the Invisalign® system.

16. As a condition to providing Invisalign®-branded products and services, Align providers must also agree to Invisalign® Terms and Conditions set by Align. The Invisalign® Terms and Conditions include guidelines as to, and restrictions on, the use of Align's federally registered trademarks. The Invisalign® Terms and Conditions also require adherence to guidelines as to the use of Align's federally registered trademarks set forth in Align's Art and Advertising Standards Brand Guidelines for Invisalign® Providers.

17. Align has devoted a tremendous amount of time and resources—technical research and development and design resources—to develop its cutting-edge technology and to promote its branded products. Align has also invested hundreds of millions of dollars in product marketing; advertising, including media advertising; sales force compensation; marketing personnel-related costs; and clinical education. For example, Align has invested nearly $900 million in advertising its Invisalign® system between 2012 and 2021—from social media presences to team and league sponsorships with the NFL, NBA, NHL, and US Ski & Snowboard team. Align's significant investments and high-quality standards have resulted in considerable customer goodwill and a superior reputation in the industry.

B. **Align's ALIGN Trademarks**

18. Align has established and invested significantly in numerous registered and otherwise legally protectable trademarks in connection with its products, including its Align® and Invisalign® families of marks.

19. Align is the owner of incontestable U.S. Trademark Registration No. 3181043 for ALIGN for use in connection with "Training in the use of orthodontic appliances" and "Orthodontic Services."

20. Align is the owner of incontestable U.S. Trademark Registration No. 3259957 for ALIGN for use in connection with "dental apparatus, namely plastic orthodontic appliances."

21. Align is the owner of U.S. Trademark Registration No. 6646547 for ALIGN for use in connection with "computer software for diagnosis and treatment in the dental and orthodontic field; computer software, namely, digital imaging software for depicting tooth movement and creating proposed treatment plans; computer software for administering, tracking, and modifying diagnosis and treatment in the field of restorative dentistry."

22. Align is the owner of incontestable U.S. Trademark Registration No. 3786167 for ALIGNTECH for use in connection with "Training in the fields of dentistry and orthodontia."

23. Align is the owner of incontestable U.S. Trademark Registration No. 4683727 for ALIGNTECH INSTITUTE for use in connection with "Service in the dental field, namely, training in the fields of dentistry and orthodontia."

24. Align is the owner of incontestable U.S. Trademark Registration No. 4680787 for ALIGNTECH INSTITUTE for use in connection with "Services in the dental field, namely, consultation services in the fields of dentistry and orthodontia, dentistry, orthodontic services."

25. The marks identified in the preceding paragraphs are collectively referred to herein as the ALIGN Marks.

26. The ALIGN Marks have been continuously used in interstate commerce and have never been abandoned.

C. **Align's INVISALIGN Trademarks**

27. Align is the owner of incontestable U.S. Trademark Registration No. 4025403 for INVISALIGN for use in connection with "Consultation services in the fields of dentistry and orthodontia."

28. Align is the owner of incontestable U.S. Trademark Registration No. 3191195 for INVISALIGN for use in connection with: "Training in the use of orthodontic appliances; and Orthodontic and dentistry services."

29. Align is the owner of incontestable U.S. Trademark Registration No. 3060471 for INVISALIGN for use in connection with "Computer software, namely digital imaging software used to depict tooth movement and proposed treatment plan; computer software used to provide, track and modify proposed courses of orthodontic treatment and patient data and information related thereto."

30. Align is the owner of incontestable U.S. Trademark Registration No. 3911988 for INVISALIGN for use in connection with "Computer software, namely, digital imaging software used to depict tooth movement and proposed treatment plans; computer software used in creation of individually customized courses of orthodontic treatment; computer software used to provide, track and modify proposed courses of orthodontic treatment and patient data related thereto;" and "Dental apparatus, namely, orthodontic appliances;" and "Custom manufacture of orthodontic appliances; dental laboratory services;" and "Training in the fields of dentistry and orthodontia;" and "Dentistry; orthodontic services; consultation services in the fields of dentistry and orthodontia."

31. Align is the owner of incontestable U.S. Trademark Registration No. 3418121 for INVISALIGN for use in connection with "Custom manufacture of orthodontic appliances, dental laboratory services."

32. Align is the owner of incontestable U.S. Trademark Registration No. 2409473 for INVISALIGN for use in connection with "Dental apparatus, namely plastic orthodontic appliance."

33.     The marks identified in the preceding paragraphs are collectively referred to herein as the INVISALIGN Marks.

34.     The INVISALIGN Marks have been continuously used in interstate commerce and have never been abandoned.

D. **Defendants' Infringing Conduct**

35.     Defendants advertise and promote themselves as dental and orthodontic service providers.

36.     Defendants are not providers of the Invisalign® system.  Defendants nevertheless feature the INVISALIGN Marks in their advertising and promotional materials, including on their website and in social media posts.  For example, under the "services" drop down menu on the home page of Defendants' website, Defendants purport to offer "Invisalign®" services:



See Exhibit B, https://www.smilesofvirginia.com (with arrow highlighting "Invisalign®" as shown on the "Services" drop down menu).

37. Defendants also use the INVISALIGN Marks prominently on their website as follows:







*See* Exhibits A and C, https://www.smilesofvirginia.com/services/cosmetic-dentistry/invisalign/ (with the Invisalign® trademark also appearing in the URL).

38. Additionally, consumers searching for Invisalign® providers in Winchester, Virginia, on Google.com (using search terms "Invisalign provider Winchester Virginia") receive this as the top search result:



See Exhibit D, https://tinyurl.com/yfh3h8mt.

39. Defendants also use the INVISALIGN Marks in their social media advertising, as shown here:



*See* Exhibit E, https://www.facebook.com/smilesofvirginia; *see also*

https://www.facebook.com/smilesofvirginia/videos/invisalign/202407071069675/.

40. However, Defendants are not providers of Invisalign® and in fact do not provide the Invisalign® system.

41. Rather, while trading on the INVISALIGN Marks, Defendants then offer ClearCorrect®, another clear aligner product, instead, in a bait-and-switch manner.

42. On information and belief Defendants' infringing conduct is willful, including in view of Defendants' use of the registered "®" symbol with "Invisalign®".

43. Additionally, on information and belief, Defendants have used the following mark and image in advertising and promoting their services, including on YouTube:



https://www.youtube.com/watch?v=yDIpmS1mcEQ

44. On August 29, 2019, Defendant Oestervemb filed an intent-to-use application, U.S. Serial Number 88597529, for federal trademark registration of "Align2Smile" for use in connection with "Orthodontic appliances; Orthodontic retainers," and "Dental consultations; Dental hygienist services; Dental services, namely, performing restorative and cosmetic procedures; Dentist services; Orthodontic services; Oral surgery and dental implant services;

Providing a website featuring information for patients in the field of dental health; Providing information in the field of orthodontics."  The applied for mark is shown here:



45. Notably, the application for this mark expressly includes the design elements shown here, including specifically "'Align' in black text beside '2', the upper half black and lower half turquoise, beside 'Smile' in turquoise with a curved turquoise line below, the white representing background and not forming part of the design."  This color design mimics the blue and black used by Align in promoting its own products and services with the ALIGN Marks.

46. Defendants' unauthorized use of Align's INVISALIGN Marks and ALIGN Marks is likely to cause confusion or mistake among consumers as to Defendants' connection or affiliation with Align, as to the source of Defendants' products, and as to the sponsorship or approval of Defendants and its products and services by Align.

47. Defendants' use of Align's INVISALIGN Marks and ALIGN Marks is also false and misleading advertising, suggesting that Defendants are providers of the Invisalign® system, and implying sponsorship, affiliation, approval, or endorsement by Align.

48. Defendants' advertising that they provide the Invisalign® system, or are affiliated with, related to, or endorsed by Align, is also false and misleading to consumers.  Defendants do not offer the Invisalign® system, and are not affiliated with, related to or endorsed by Align.

49. On information and belief, Defendants' infringing acts are intentional and willful, intended to lure patients into believing that Defendants can and/or will provide the Invisalign®

system and be backed by Align's® reputation and support, while all along Defendants intend to substitute ClearCorrect® aligners in place of Invisalign® system.

50. Align has been damaged by the foregoing infringing and wrongful acts of Defendants, including suffering actual damages.

51. On information and belief, Defendants' infringing and wrongful conduct will continue unless enjoined by this Court.

## COUNT I

### Federal Trademark Infringement under 15 U.S.C. § 1114

52. Plaintiff Align realleges and incorporates by reference paragraphs 1-51 as though fully set forth herein.

53. Align owns the federal registered trademarks for the ALIGN Marks and INVISALIGN Marks as identified above, as well as common law rights in these marks.

54. Without Align's consent, Defendants have used the ALIGN Marks and INVISALIGN Marks in commerce to advertise and offer Defendants' products and services.

55. Defendants' infringing actions as described herein have caused and/or are likely to cause confusion, mistake, and/or deception among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' products and/or cause confusion or mistake as to an affiliation, connection, or association between Align and Defendants, in violation of at least 15 U.S.C. § 1114(1)(a) and (b).

56. On information and belief, Defendants have made and will continue to make substantial profits and gains as a result of their infringing activities.

57. Align has been and will continue to be damaged and irreparably harmed by the Defendants' actions, which will continue unless Defendants are enjoined by this Court.

58. Align has no adequate remedy at law in that the amount of damage to Align's business, reputation, and diminution of the INVISALIGN Marks goodwill is difficult to ascertain with specificity. Align is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

### Federal Trademark Counterfeiting under 15 U.S.C. 1114

59. Plaintiff Align realleges and incorporates by reference paragraphs 1-58 as though fully set forth herein.

60. Align owns the federally registered INVISALIGN Marks, as described above, as well as common law rights in those marks.

61. Without Align's authorization or consent, Defendants have used identical or substantially indistinguishable copies of the INVISALIGN Marks in commerce to advertise, offer for sale, sell and/or distribute non-Invisalign® services and products.

62. On information and belief, Defendants intentionally and willfully used the INVISALIGN Marks knowing such designation to be counterfeit in connection with the sale, offering for sale or distribution of non-Invisalign® services and goods.

63. Defendants' actions constitute trademark counterfeiting in violation of at least 15 U.S.C. § 1114(1)(a) and (b).

64. On information and belief, Defendants have made and will continue to make substantial profits and gains as a result of their counterfeiting activities.

65. Align has been and will continue to be damaged and irreparably harmed by Defendants' actions, which will continue unless Defendants are enjoined by this Court.

66. Align has no adequate remedy at law in that the amount of damage to Align's business, reputation, and diminution of the INVISALIGN Marks goodwill is difficult to ascertain with specificity. Align is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

67. Align is entitled to recover from Defendants all damages, including attorneys' fees, that Align has sustained and will sustain as a result of Defendants' counterfeiting activities, and all profits, gains, and advantages obtained by Defendants as a result thereof, in an amount to be determined at trial, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and or/statutory damages pursuant to 15 U.S.C. § 1117(c).

## COUNT III

### Trademark Dilution under 15 U.S.C. § 1125(c)

68. Plaintiff Align realleges and incorporates by reference paragraphs 1-67 as though fully set forth herein.

69. Align's INVISALIGN Marks are famous and distinctive and have been in use by Align and famous and distinctive continuously for many years, prior to the Defendants' improper and unlawful infringement of those marks.

70. Without Align's authorization or consent, Defendants have and are continuing to use the INVISALIGN Marks in commerce in a manner that dilutes the distinctive quality, and harms the reputation, of the INVISALIGN Marks.

71. Defendants' unauthorized use of Align's INVISALIGN Marks is likely to cause consumers to mistakenly associate the INVISALIGN Marks with Defendants' services, and thereby to impair the distinctiveness of the INVISALIGN Marks, which have a high degree of distinctiveness and a high degree of recognition following Align's substantially exclusive use of

the INVISALIGN Marks in extensive, long-term, and broad advertising and promotion and extensive sale of goods and services under the INVISALIGN Marks, and which, on information and belief, Defendants used with the intent to create an association with the INVISALIGN Marks, such an association actually having been created among consumers of Defendants' services.

72. Defendants' unauthorized use of Align's INVISALIGN Marks is likely to harm Align's reputation because Defendants do not provide the Invisalign® system but rather provide another clear plastic orthodontic appliance.

73. Defendants' actions further tarnish and dilute Align's INVISALIGN Marks by falsely attributing the quality of the Defendant's products and services to Align's products and services by misleading use of the INVISALIGN and ALIGN marks.

74. Defendants' acts as alleged herein occurred after the INVISALIGN Marks became famous, and constitute dilution in violation of 15 U.S.C. § 1125(c).

75. On information and belief, Defendants' acts of dilution are willful, deliberate and in bad faith.

76. Align has been and will continue to be damaged and irreparably harmed by the Defendants' actions, which will continue unless Defendants are enjoined by this Court.

77. Align has no adequate remedy at law, and is therefore entitled to injunctive relief. Align is also entitled to recover Align's actual damages and Defendants' profits, as well as costs and attorneys' fees under 15 U.S.C. §§ 1025(c), 1116, and 1117.

## COUNT IV

### False Advertising and False Designation of Origin under 15 U.S.C. § 1125(a) and Virginia Common Law

78. Plaintiff Align realleges and incorporates by reference paragraphs 1-77 as though fully set forth herein.

79. Align owns the federal registered trademarks for the ALIGN Marks and INVISALIGN Marks as identified above, as well as common law rights in these marks.

80. Without Align's consent, Defendants have used the ALIGN Marks and INVISALIGN Marks in interstate commerce and in the Commonwealth of Virginia to advertise and offer Defendants' products and services.

81. Defendants' actions as described herein have caused and/or are likely to cause confusion, mistake, and/or deception among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' products and/or cause confusion or mistake as to an affiliation, connection, or association between Align and Defendants, in violation of 15 U.S.C. § 1125(a) and Virginia common law.

82. Defendants' use of Align's ALIGN Marks and INVISALIGN Marks as described above constitutes false and misleading statements of fact, to wit at least: (a) that Defendants are providers of the Invisalign® system; (b) that Defendants are affiliated with or endorsed by Align, makers of the Invisalign® system; and/or (c) that Defendants do offer their patients the Invisalign® system, when in fact they do not.

83. Defendants' statements on their website and in social media posts constitute commercial advertising and promotion of Defendants' services under 15 U.S.C. § 1125(a) and Virginia common law.

84. On information and belief, Defendants' false and misleading statements are material to consumers in their determination of what providers to select and ultimately what aligner system/teeth straightening treatment to purchase and use.

85. On information and belief, Defendants engage in these acts with the intent to deceive consumers, and Defendants' false and misleading statements have actually deceived and have the tendency to deceive such consumers.

86. Defendants caused its false and misleading statements to enter interstate commerce, for example, on websites and in social media posts.

87. On information and belief, Defendants have made and will continue to make substantial profits and gains as a result of their false advertising and false designation of origin.

88. Align has been and will continue to be damaged and irreparably harmed by the Defendants' actions, which will continue unless Defendants are enjoined by this Court.

89. Align has no adequate remedy at law in that the amount of damage to Align's business, reputation, and diminution of the INVISALIGN Marks goodwill is difficult to ascertain with specificity. Align is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

90. Align is entitled to recover from Defendants all damages, including attorneys' fees, that Align has sustained and will sustain as a result of Defendants' false advertising and false designation of origin activities, and all profits, gains, and advantages obtained by Defendants as a result thereof, in an amount to be determined at trial, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and or/statutory damages pursuant to 15 U.S.C. § 1117(c), in addition to all damages authorized under Virginia common law.

## PRAYER FOR RELIEF

WHEREFORE, Align prays that this Court enter judgment against Defendants as follows:

A. Preliminary injunction and permanent injunctive relief, enjoining and prohibiting Defendants, their agents, servants, employees, officers, attorneys, subsidiaries, successors and assigns, and all others in active concert with Defendant, from:
   a. Using the ALIGN Marks, or any confusingly similar marks;
   b. Using the INVISALIGN Marks, or any confusingly similar marks;
   c. Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities described in paragraph A(a) or A(b) above;

B. An award of damages in an amount to be determined at trial;

C. An award of treble damages as provided by the Lanham Act;

D. An award of attorneys' fees and costs;

E. An award of punitive damages in an amount to be determined at trial; and

F. Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Align hereby demands a jury trial of this matter.

Respectfully Submitted,

ALIGN TECHNOLOGY, INC.

*By Counsel*

\_\_/s/_____
Ryan V.P. Dougherty (VSB No. 78444)
William R. Poynter (VSB No. 48672)
KALEO LEGAL
4456 Corporation Lane
Suite 135

Virginia Beach, Virginia 23462
Tele: (757) 761-0934
Fax: (757) 304-6175
rdougherty@kaleolegal.com
wpoynter@kaleolegal.com


Jennifer Seraphine (*pro hac vice* forthcoming)
Jacob S. Zweig (*pro hac vice* forthcoming)
TURNER BOYD
702 Marshall Street
Suite 640
Redwood City, California 94063
Tele: (650) 521-5930
Fax: (650) 521-5931
seraphine@turnerboyd.com
zweig@turnerboyd.com