Stephen L. Pettler, Jr. VSB #44436
Harrison & Johnston, PLC
21 S. Loudoun Street
Winchester, VA 22601
Telephone: (540) 667-1266
Email:  pettler@harrison-johnston.com
Attorneys for Defendants
Smiles of Virginia Family Dental Center PLLC
Dr. Niels Oestervemb

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## Harrisonburg Division

| | |
|---|---|
| **ALIGN TECHNOLOGY, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**SMILES OF VIRGINIA FAMILY DENTAL CENTER, PLLC, and DR. NIELS OESTERVEMB,**<br><br>Defendants. | Case No. 5:22-cv-00038<br><br>**ANSWER AND JURY DEMAND** |

Defendants Smiles of Virginia Family Dental Center, PLLC and Dr. Niels Oestervemb ("Defendants") answer the Complaint of Plaintiff Align Technology, Inc. ("Plaintiff") as follows:

1. Defendants deny all allegations in paragraph 1.

2. Defendants deny all allegations in paragraph 2.

3. Defendants deny all allegations in paragraph 3.

4. Defendants deny all allegations in paragraph 4.

-1-

## JURISDICTION AND VENUE

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit that venue is proper based on the nature of Plaintiff's allegations. Defendants deny the balance of the allegations in paragraph 7.

## PARTIES

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

### A. Align and the Invisalign® System

11. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and on this basis, Defendants deny all the allegations contained therein.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 and on this basis, Defendants deny all the allegations contained therein.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 and on this basis, Defendants deny all the allegations contained therein.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and on this basis, Defendants deny all the allegations contained therein.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 and on this basis, Defendants deny all the allegations contained therein.
16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and on this basis, Defendants deny all the allegations contained therein.
17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and on this basis, Defendants deny all the allegations contained therein.

B. **Align's ALIGN Trademarks**

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and on this basis, Defendants deny all the allegations contained therein.
19. Defendants admit the allegations in paragraph 19.
20. Defendants admit the allegations in paragraph 20.
21. Defendants admit the allegations in paragraph 21.
22. Defendants admit the allegations in paragraph 22.
23. Defendants admit the allegations in paragraph 23.
24. Defendants admit the allegations in paragraph 24.
25. Defendants admit the allegations in paragraph 25.
26. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and on this basis, Defendants deny all the allegations contained therein.

C. **Align's INVISALIGN Trademarks**

27. Defendants admit the allegations in paragraph 27.
28. Defendants admit the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29.
30. Defendants admit the allegations in paragraph 30.
31. Defendants admit the allegations in paragraph 31.
32. Defendants admit the allegations in paragraph 32.
33. Defendants admit the allegations in paragraph 33.
34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 and on this basis, Defendants deny all the allegations contained therein.

### D. Defendants' Infringing Conduct

35. Defendants admit the allegations in paragraph 35.
36. Defendants admit that they are not providers of the Invisalign system and admit that the drop-down services list on the homepage of Defendants' website formerly included a tab indicating information about Plaintiff's Invisalign system for comparison purposes. The reference to the term "Invisalign" has since been removed. Defendants deny the balance of the allegations in paragraph 36, including any allegation that Defendants' former use of the term "Invisalign" was use as a trademark.
37. Defendants admit that one of their website webpages formerly referred to Plaintiff's Invisalign mark for comparison purposes in connection with language explaining for Defendants' customers that Defendants do not offer Invisalign products or services. The references to Plaintiff's trademark have since been removed. Defendants deny the balance of the allegations in paragraph 37, including any allegation that Defendants' former use of the term "Invisalign" was use as a trademark.
38. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 and on this basis, Defendants deny all the allegations contained therein.

39. Defendants admit that they referred to the term "Invisalign" in the Facebook post pictured in Plaintiff's Exhibit E. Defendants deny the balance of the allegations in paragraph 39, including any allegation that Defendants' former use of the term "Invisalign" was use as a trademark.

40. Defendants admit the allegations in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny that the image presented in paragraph 43 is associated in any way with Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 43 and on this basis, Defendants deny all the allegations contained therein.

44. Defendants admit the allegations in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

## COUNT ONE

### Federal Trademark Infringement Under 15 U.S.C. § 1114

52. Defendants reallege and reincorporate by reference their responses to paragraphs 1-51 as if set forth fully herein.

53. Defendants admit that Plaintiff owns the federal registrations referred to in the preceding paragraphs, without admitting the validity of those registrations. Defendants deny the balance of the allegations in paragraph

53, including the alleged existence of Plaintiff's common law rights in the trademarks referred to in the preceding paragraphs.
54. Defendants deny the allegations contained in paragraph 54. Any reference to the term "Invisalign" was for comparison purposes and not use as a trademark.
55. Defendants deny the allegations contained in paragraph 55.
56. Defendants deny the allegations contained in paragraph 56.
57. Defendants deny the allegations contained in paragraph 57.
58. Defendants deny the allegations contained in paragraph 58.

## COUNT TWO
### Federal Trademark Counterfeiting under 15 U.S.C. § 1114

59. Defendants reallege and reincorporate by reference their responses to paragraphs 1-58 as if set forth fully herein.
60. Defendants admit that Plaintiff owns the federal registrations referred to in the preceding paragraphs, without admitting the validity of those registrations. Defendants deny the balance of the allegations in paragraph 60, including the alleged existence of Plaintiff's common law rights in the trademarks referred to in the preceding paragraphs.
61. Defendants deny the allegations in paragraph 61. Any use by Defendants of the term "Invisalign" was for comparison purposes and non-trademark use.
62. Defendants deny the allegations in paragraph 62. Any use by Defendants of the term "Invisalign" was for comparison purposes and non-trademark use.
63. Defendants deny the allegations contained in paragraph 63.
64. Defendants deny the allegations contained in paragraph 64.
65. Defendants deny the allegations contained in paragraph 65.
66. Defendants deny the allegations contained in paragraph 66.
67. Defendants deny the allegations contained in paragraph 67.

## COUNT THREE

### Trademark Dilution under 15 U.S.C. § 1125(c)

68. Defendants reallege and reincorporate by reference their responses to paragraphs 1-67 as if set forth fully herein.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 and on this basis, Defendants deny all the allegations contained therein.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants deny the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants deny the allegations contained in paragraph 77.

## COUNT FOUR

### False Advertising under 15 U.S.C. § 1125(a) and Virginia Common Law

78. Defendants reallege and reincorporate by reference their responses to paragraphs 1-77 as if set forth fully herein.

79. Defendants admit that Plaintiff owns the federal registrations referred to in the preceding paragraphs, without admitting the validity of those registrations. Defendants deny the balance of the allegations in paragraph 79, including the alleged existence of Plaintiff's common law rights in the trademarks referred to in the preceding paragraphs.

80. Defendants deny the allegations contained in paragraph 80. Any use by Defendants of the term "Invisalign" was for comparison purposes and non-trademark use.

81. Defendants deny the allegations contained in paragraph 81.
82. Defendants deny the allegations contained in paragraph 82. Defendants formerly used the term "Invisalign" to educate their patients and distinguish their goods/services from Plaintiff's. This use was for comparison purposes only and expressly dispelled any notion that Defendants offered Plaintiff's goods/services or that Defendants are affiliated with or endorsed by Plaintiff.
83. Defendants deny the allegations contained in paragraph 83.
84. Defendants deny the allegations contained in paragraph 84.
85. Defendants deny the allegations contained in paragraph 85.
86. Defendants deny the allegations contained in paragraph 86.
87. Defendants deny the allegations contained in paragraph 87.
88. Defendants deny the allegations contained in paragraph 88.
89. Defendants deny the allegations contained in paragraph 89.
90. Defendants deny the allegations contained in paragraph 90.

## DEFENDANTS' AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
## FAIR USE

Defendants formerly referred to Plaintiff's "Invisalign" brand solely for comparison purposes and to provide explanatory information about what clear aligner technology is, given that "Invisalign" has in effect become a generic term to identify clear aligners as a type of product (as explained more thoroughly in Defendants' counterclaims). In this explanatory material, Defendants explained that although most people generally associate clear aligners with the name Invisalign, "Invisalign® is a brand name for clear aligners. Other names include ClearCorrect, Smart Mover, and MTM Clear Aligners. These are all clear aligners." Defendants go on to state that Defendants offer ClearCorrect as opposed to Invisalign.

Defendants did not use the term "Invisalign" as a trademark to signify the source, sponsorship, or affiliation of its own goods or services. Defendants referred to "Invisalign" only as necessary to identify the mark to identify Plaintiff's brand as a means of contextualizing Defendants' services within the field of clear aligner technology generally. Further, Defendants' use did not suggest Plaintiff's affiliation, sponsorship, or endorsement of Defendants' goods/services, because in the same paragraph, Defendants first distinguished ClearCorrect from Invisalign and then explained that Defendants offer ClearCorrect goods/services.

Defendants' identification of the "Invisalign" brand purely for purposes of explanation and comparison was non-trademark use and is non-actionable as descriptive and/or nominative fair use.

## SECOND AFFIRMATIVE DEFENSE
## LACHES

Plaintiff was aware of the alleged instances of infringement since at least as early as March 2020, when Plaintiff filed Opposition Number 91254595 against Defendants' ALIGN2SMILE trademark application in the Trademark Trial and Appeals Board ("the TTAB Opposition"). Plaintiff knowingly failed to notify Defendants of any of these concerns until filing this instant complaint more than two years later in June 2022, within two weeks of Defendants serving their first set of discovery requests on Plaintiff in the TTAB Opposition. Rather than responding to said discovery, Plaintiff filed the instant lawsuit and promptly sought suspension of the TTAB Opposition. By failing to address these "concerns" until conveniently filing this lawsuit in lieu of responding to Defendants' discovery in the TTAB Opposition, Plaintiff unreasonably delayed in filing an action. Further, said unreasonable delay is inconsistent with any claimed imminent or irreparable harm, and has prejudiced Defendants, who were not given notice or the opportunity to cure any alleged infringement.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for an Order and entry of judgment against Plaintiff as follows:

A. Declaring that Defendants have not infringed upon any rights of Plaintiff and that any use by Defendants of Plaintiff's marks was fair use;

B. Declaring that laches bars Plaintiff from equitable relief;

C. Declaring that Plaintiff's trademarks are invalid and unenforceable pursuant to Defendants' counterclaims;

D. Awarding Defendants their reasonable attorneys' fees in this action;

E. Awarding Defendants their costs and expenses in this action; and

F. Granting such other and further relief as the Court deems proper and just.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: July 15, 2022

SMILES OF VIRGINIA FAMILY DENTAL CENTER & DR. NIELS OESTERVEMB

*By Counsel*

/s/ Stephen L. Pettler, Jr.

Stephen L. Pettler, Jr. VSB# 44436
Harrison & Johnston, PLC
21 S. Loudoun Street
Winchester, VA 22601
Telephone: (540) 667-1266
Email: pettler@harrison-johnston.com
Attorneys for Defendants
Smiles of Virginia Family Dental Center PLLC
Dr. Niels Oestervemb

>Gary L. Eastman Esq.
>	(*pro hac vice* forthcoming)
>EASTMAN IP
>401 W. A Street, Suite 1785
>San Diego, CA   92101
>Telephone: 619-230-1144
>Facsimile: 619-230-1194
>E-Mail: gary@eastmanip.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies, if needed, have been served on those indicated as non-registered participants.

>Ryan V.P. Dougherty (VSB No. 78444)
>William R. Poynter (VSB No. 48672)
>KALEO LEGAL
>4456 Corporation Lane, Suite 135
>Virginia Beach, VA   23462
>Tele: (757) 761-0934
>Fax: (757) 304-6175
>rdougherty@kaleolegal.com
>wpoynter@kaleolegal.com
>
>_____
>Stephen L. Pettler, Jr.