Gary L. Eastman Esq.  (CA SB 182518 (*pro hac vice*))
EASTMAN IP
401 W. A Street, Suite 1785
San Diego, CA   92101
Telephone: 619-230-1144
Facsimile: 619-230-1194
E-Mail: gary@eastmanip.com
Attorneys for Counter-plaintiffs
Smiles of Virginia Family Dental Center PLLC
Dr. Niels Oestervemb

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF VIRGINIA

## Harrisonburg Division

| | |
|---|---|
| **ALIGN TECHNOLOGY, INC.,** | Case No. 5:22-cv-00038-MFU |
| Plaintiff/ Counter-defendant, | **OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS 1-3** |
| v. | |
| **SMILES OF VIRGINIA FAMILY DENTAL CENTER, PLLC, and DR. NIELS OESTERVEMB,** | |
| Defendants/ Counter-plaintiffs. | |

## FACTS

Dr. Niels Oestervemb is an orthodontist who owns his dental practice Smiles of Virginia Family Dental Center, PLLC in Winchester, Virginia. Hereinafter, Dr. Oestervemb and his dental practice are collectively referred to as "Counterplaintiffs." Dr. Oestervemb, intending to produce in-house orthodontic

aligners under the trademark ALIGN2SMILE, filed a trademark application for the below-depicted mark with the U.S. Patent and Trademark Office on August 29, 2019 (Serial No. 88597529). Dr. Oestervemb is the sole applicant on the trademark application.

# Align2Smile

He filed his application under section 1(b) of the Lanham Act, under which an applicant may apply for trademark protection based on his bona fide intent to use the mark in commerce in the future. To date, neither Dr. Oestervemb nor Smiles of Virginia Family Dental Center, PLLC has used the mark. (First Amended Counterclaim, Dkt. No. 28, Dkt. No. 28, ¶5-6.)

After the ALIGN2SMILE application examined, approved, and was published for opposition, Counterdefendant Align Technology Inc. ("Align") initiated an opposition proceeding (Opp. No. 91254595) on March 11, 2020 in the Trademark Trial and Appeals Board ("TTAB"). (Decl. Eastman, ¶ 3.) This opposition proceeding is hereinafter referred to as the "TTAB Opposition." In the TTAB Opposition, Align asserts several of its registered trademarks as the basis for the supposed unregistrability of ALIGN2SMILE. Of relevance to the instant motion, these asserted trademarks include three ALIGN-mark registrations: Reg. Nos. 3259957, 3181043, and 6646547 (collectively, "the Align Marks").

The TTAB Opposition is presently suspended pending the outcome of this federal action. (Decl. Eastman, ¶ 8.) In June 2022, Dr. Oestervemb served TTAB discovery requests on Align and filed a motion for leave to add counterclaims contesting the validity of the ALIGN Marks. (Decl. Eastman, ¶ 5.) Align swiftly responded by filing this federal action on June 14, 2022 and requesting that the

TTAB suspend the TTAB Opposition pending the outcome of this federal suit. (Decl. Eastman, ¶ 6.) In support of its request for suspension, Align submitted a copy of its original June 14, 2022 complaint, which alleged violations of Align's rights in the ALIGN Marks. (Decl. Eastman, ¶ 6.) Align also filed an opposition to Dr. Oestervemb's request for leave to add the invalidity counterclaims. (Decl. Eastman, ¶ 7.) On September 1, 2022, the TTAB issued an order suspending the TTAB Opposition and declining to rule on the invalidity counterclaims until and unless the TTAB Opposition is resumed. (Decl. Eastman, ¶ 8.)

Meanwhile, Counterplaintiffs on July 15, 2022 filed a federal answer and counterclaims contesting the validity of Align's asserted marks, including the ALIGN Marks. In response to Counterplaintiffs' denial of using the ALIGN2SMILE mark, Align filed a first amended complaint that removed all allegations related to the ALIGN Marks. Align concurrently filed a motion to dismiss the ALIGN-related counterclaims, contending that Counterplaintiffs now lacked standing to contest the ALIGN Marks because the first amended complaint did not include ALIGN-related allegations. However, Registrant in its motion expressly reserved the right to revive the ALIGN-related allegations later in the lawsuit based on what discovery might reveal. (Dkt. No. 26, p. 3, fn. 1.)

Counterplaintiffs filed a first amended answer and counterclaims on August 26, 2022. The first amended counterclaims include the disputed declaratory judgment claims, which contest the validity of the ALIGN Marks. Counterplaintiffs plead declaratory jurisdiction on the basis that Align has created a live controversy regarding the ALIGN Marks in reaction to Counterplaintiffs' planned use of ALIGN2SMILE. In response to the first amended counterclaims, Align filed the instant renewed motion to dismiss.

# ARGUMENT

A prospective trademark user like Dr. Oestervemb need not "risk a suit for infringement by using a trademark before seeking a declaration of [his] legal rights." *Gilman & Bedigian LLC v. Sackett*, No. CCB-19-3471, 2021 U.S. Dist. LEXIS 184441, at *9-*10 (D. Md. Sept. 27, 2021), citing *SanDisk Corp. v. STMicroelectronics*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Declaratory jurisdiction arises when a trademark owner threatens or pursues legal action based on a putative infringer's "planned activity" and the putative infringer contends it has the right to engage in said planned activity. *SanDisk Corp. v. STMicroelectronics*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

Accordingly, this Court holds that actual use of the mark is not required to maintain a declaratory judgment action, so long as the declaratory plaintiff has "engaged in a course of conduct evidencing a definite intent and apparent ability to commence use of the mark[] on the product." *Intel Corp. v. CFW Wireless, Inc.,* No. 3:99-cv-00083, 2000 U.S. Dist. LEXIS 14280, at *5 (W.D. Va. Sept. 1, 2000). In *Intel v. CFW* for example, this Court upheld standing based on declaratory plaintiff CFW's "concrete steps towards producing the trademark in controversy," distinguishable from a "vague or general desire" to adopt the mark. Id. at *5-*6. Though CFW did not even file a trademark application with the USPTO, the Court ruled that there was an actual controversy based on CFW's definite intent to use the mark in the event of its loss on the primary infringement claim:

> It is evident from the pending litigation that the behavior of CFW has brought it into 'actual controversy' with Intel. CFW's intent to use 'InTelos' is not based on vague notions of what it may or may not choose to do in the future. Rather, CFW has repeatedly represented to the court that, if Intel prevails on the primary infringement claim, CFW immediately will implement use of the 'InTelos' mark. Id. at *8-*9.

In the case at bar, there is an even stronger basis for declaratory jurisdiction over the ALIGN marks' validity. Like CFW, Dr. Oestervemb intends to immediately adopt his mark upon receiving a favorable adjudication of rights. But more than merely stating his intent like CFW did, Dr. Oestervemb in 2019 filed an intent-to-use trademark application evidencing his bona fide intent to use the ALIGN2SMILE mark in commerce. Then, as Align acknowledges, Dr. Oestervemb confirmed in writing his definite intention to adopt the ALIGN2SMILE mark pending clearance from the TTAB. (See Decl. Zweig (Dkt. No. 37-2), Exh. A.) His continued defense of the TTAB Opposition for more than two years prior to this federal action further evidences his strong commitment to his intended future use of the ALIGN2SMILE mark.

Dr. Oestervemb's choice to minimize his risk by waiting to use the mark does not mean that there is no coercive pressure from Align. In the intellectual property rights context, "Article III jurisdiction may be met where the [rights owner] takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp.*, 480 F.3d at 1381. Until and unless a court decides that ALIGN2SMILE infringes Align's rights, Dr. Oestervemb is legally free to use the mark as he pleases. In fact, he would have started branding his products with the mark years ago had it not been for the pressure placed by Align through the TTAB Opposition and now these federal proceedings. There is a live and active controversy between these parties, which will benefit from the clarity that this Court can provide with respect to the ALIGN trademarks.

Align's actual assertion of the ALIGN marks in its original federal complaint further solidifies the existence of an actual controversy with respect to the validity of these marks. Once intellectual property claims are filed in federal court, nothing short of a formal covenant not to sue will remove the Court's declaratory

jurisdiction over the asserted intellectual property. See *Mike's Train House v. Broadway Ltd. Imports* LLC, 708 F. Supp. 2d 527, 536-38 & 536 n.22 (D. Md. 2010). Mere amendment of a complaint to remove claims "for now" does not eliminate an actual controversy with respect to intellectual property rights. *PakSense, Inc. v. Am. Thermal Instruments, Inc.*, No. 1:10-325, 2012 U.S. Dist. LEXIS 203449, at *21-*24 (D. Idaho Jan. 10, 2012).

Align's post-filing removal of the ALIGN-related allegations does nothing to meaningfully or permanently eliminate the controversy that Align itself created with respect to these marks, not only in this Court but also in the TTAB. Align does not even purport to permanently abandon its claims regarding these marks. Far from covenanting not to sue, Align has reserved the right to renew its claims based on what discovery in this matter may reveal. (See MTD (Dkt. No. 26), p. 3 fn.1.) Align's strategy clearly exemplifies the type of "scare-the-customer-and run tactics that the Declaratory Judgment Act was intended to obviate." *Mike's Train House*, 708 F. Supp. 2d at 536 n.22, quoting SanDisk Corp., 480 F.3d at 1383.

The tactic is in fact identical to the post-filing amendment in *PakSense* that did not deprive the Court of declaratory jurisdiction. Just like in *PakSense*, Align accused Counterplaintiffs of infringing the ALIGN marks and "later withdrew its claims . . . [leaving] open the possibility that it might reassert those claims in the future as its understanding of [Counterplaintiffs'] products becomes more complete." *PakSense*, 2012 U.S. Dist. LEXIS 203449, at *23. Align's only basis to distinguish *PakSense* is that there, the declaratory plaintiff sold the allegedly infringing product prior to the legal dispute, whereas Counterplaintiffs have not yet used ALIGN2SMILE. But, as explained above, the declaratory plaintiff's actual use of an allegedly infringing mark is not required for declaratory jurisdiction. Counterplaintiffs have the requisite definite intent to commence use of ALIGN2SMILE, Align has contested in federal court the legality of this intended

future use, and Counterplaintiffs contend that they are legally entitled to use ALIGN2SMILE due to the ALIGN Marks' invalidity. All essential requirements for declaratory jurisdiction are met.

Align is simply trying to sidestep the compulsory invalidity counterclaims altogether or, at the very least, force dual forum litigation of the claims in an attempt to make the proceedings economically unmanageable for Counterplaintiffs. As soon as Dr. Oestervemb served discovery requests and requested leave to file ALIGN-invalidity counterclaims, Align swiftly responded by filing the instant federal action and moving to suspend the TTAB Opposition. (Decl. Eastman, ¶¶ 5-6.) Align successfully obtained suspension of the TTAB Opposition on the basis that this federal action involves the ALIGN Marks and that issues related to the ALIGN Marks are better litigated within this federal action. (Decl. Eastman, ¶ 8.) But now, faced with the specter of having the ALIGN Marks challenged, Align is specifically asking this Court <u>not</u> to adjudicate the ALIGN Marks as part of this federal action. Align instead proposes that the TTAB stay, which Align itself requested, be lifted— ostensibly so that the ALIGN Marks can be litigated there. (Renewed MTD (Dkt. No. 37), p. 4, fn. 2.) But what Align has not disclosed to this Court is that Align has already taken steps to oppose the invalidity counterclaims at the TTAB level.[1] And ultimately, when there is already an infringement issue before a federal court, the courts discourage deferral of a companion trademark validity issue to the TTAB. *Duke Univ. v. Universal Prods.*, No. 1:13CV701, 2014 U.S. Dist. LEXIS 62336, at

---

[1] Because Dr. Oestervemb did not file the TTAB counterclaims as a matter of right, the TTAB has the discretion to grant or deny leave to file those claims. Shortly after filing this lawsuit and requesting suspension, Align opposed Dr. Oestervemb's request for leave to file the counterclaims; in view of the suspension, the TTAB stated it would rule on the issue in the event the TTAB proceedings are resumed. Align evidently hopes to mislead this Court into deferring the invalidity claims to the TTAB, just so that Align can attempt to persuade the TTAB to reject them.

*11 (M.D.N.C. May 6, 2014), citing *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 81 (1st Cir. 1996) ("Where an infringement action will proceed, "it normally makes sense for the court to resolve a companion validity claim at the same time, *if* the issues underlying the two claims overlap to an extent that makes this course sensible.").

Were this Court to deny declaratory jurisdiction, Dr. Oestervemb would be able to pursue his counterclaims there only at the discretion of the TTAB.[2] Even assuming the TTAB permitted his claims to proceed, Counterplaintiffs would be forced to unnecessarily defend the TTAB Opposition and this federal action concurrently. This is in line with an aggressive trademark enforcement regime, under which many accused trademark users simply cannot muster the time or financial wherewithal to defend arguably permissible uses. To deter such gamesmanship, this Court should deny Align's motion to dismiss on the basis that declaratory jurisdiction exists and adjudication of all issues here is most expedient.

## CONCLUSION

The purpose of declaratory judgment actions is to "avoid trying cases piecemeal and to afford an adequate, expedient and inexpensive remedy for declaring the rights and obligations of litigants in one action." *Inland Mut. Ins. Co. v. E. Motor Lines, Inc.*, 119 F. Supp. 344, 349 (D.S.C. 1954). Align, desiring to protect its ALIGN Marks, is ping-ponging between forums—asking each forum to defer to the other with the hope that neither forum will ultimately hear the invalidity claims on the merits. Align unambiguously alleged infringement of its ALIGN

---

[2] Though the Board adopts a generally liberal approach to permitting amendment of addition of counterclaims, the TTAB's acceptance of the ALIGN validity counterclaims is not guaranteed, particularly in light of Align's opposition to the counterclaims. See Trademark Manual of Board Procedure § 507.02.

Marks in the complaint it originally filed with this Court, and which it submitted to the TTAB in support of suspension of the TTAB Opposition. After successfully persuading the TTAB that this Court would handle issues related to the ALIGN Marks, Align conveniently amended its federal complaint to remove the ALIGN allegations in an attempt to squash Counterplaintiffs' invalidity contentions. Now that Counterplaintiffs assert these as declaratory judgment claims, Align proposes forcing dual proceedings in this Court and in the TTAB, with the concealed hope that neither forum will hear the invalidity claims, and forcing multiple proceedings greatly increasing the expense and complexity of resolution. Now that Align has elected to bring the parties' trademark dispute before this Court, the most expedient course of action is to maintain the TTAB stay and adjudicate the entirety of the parties' dispute—including the ALIGN invalidity counterclaims—here. For these reasons, Counterplaitiffs respectfully request that this Court deny the motion to dismiss and permit Counterclaims I-III to proceed.

Respectfully submitted,

Dated: September 23, 2022

SMILES OF VIRGINIA FAMILY DENTAL CENTER & DR. NIELS OESTERVEMB

*By Counsel*

/s/ Gary L. Eastman
Gary L. Eastman Esq.
(*pro hac vice*)
EASTMAN IP
401 W. A Street, Suite 1785
San Diego, CA   92101
Telephone: 619-230-1144
Facsimile: 619-230-1194
E-Mail: gary@eastmanip.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies, if needed, have been served on those indicated as non-registered participants.

/s/ Gary L. Eastman
Gary L. Eastman Esq.
(*pro hac vice* forthcoming)
EASTMAN IP
401 W. A Street, Suite 1785
San Diego, CA 92101
Telephone: 619-230-1144
Facsimile: 619-230-1194

E-Mail: gary@eastmanip.com