UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br>                    Plaintiff, <br><br>   v. <br><br>SMILES OF VIRGINIA FAMILY DENTAL CENTER, PLLC and DR. NIELS OESTERVEMB, <br><br>                    Defendants. | Civil Action No. 5:22-cv-00038-MFU <br><br>JURY TRIAL DEMANDED |

**ALIGN TECHNOLOGY, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIMS 1-3
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)</u>**

I. **INTRODUCTION**

Defendants' opposition brief makes clear that there is no live case or controversy here with respect to the ALIGN Marks' validity. The justiciable controversy in this case concerns Defendants' infringement of the INVISALIGN Marks. The question of the ALIGN Marks' validity is unrelated to Defendants' infringement of the INVISALIGN Marks and Defendants do not attempt to argue otherwise. Rather, the issue of the ALIGN Marks' validity relates to whether Defendant Dr. Oestervemb may obtain a registration for his ALIGN2SMILE Mark. This matter is properly before the USPTO. Accordingly, Counterclaims 1-3 should be dismissed for lack of subject-matter jurisdiction.

II. **ARGUMENT**

Defendants have confirmed that their potential use of the ALIGN2SMILE Mark is contingent on a number of variables. First, Defendants concede that they do not intend to use the ALIGN2SMILE Mark until the USPTO grants Dr. Oestervemb a registration. ECF No. 37-2 (Letter from Dr. Oestervemb to Align dated November 10, 2019). This, in turn, is contingent on the ALIGN2SMILE Mark obtaining clearance from the TTAB. ECF No. 39 (Defendants' Opposition Brief), at 5:6-8. The TTAB's clearance depends on its finding that the ALIGN2SMILE Mark does not present a likelihood of confusion with the ALIGN Marks. ECF No. 28 (Defendant's First Amended Counterclaims), ¶ 8. Or, the TTAB's clearance may be contingent on its finding that the ALIGN Marks are invalid. ECF No. 39, at p. 7 n. 1; ECF No. 39-1 (Eastman Declaration), ¶¶ 5, 7. Until and unless these contingencies are resolved, there is no live case or controversy here.

Notwithstanding this uncertainty, Defendants argue that declaratory judgment jurisdiction may in some cases be predicated on "planned" use of a mark. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (holding declaratory judgment

jurisdiction is proper "where a [rightsholder] asserts rights … based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license"). This argument is inapposite because Defendants have not alleged planned use. Rather, Defendants have alleged potential, conditional, future use that is contingent on the outcome of multiple preconditions set by Defendants. Dr. Oestervemb's representation that he has "no intention" to use the ALIGN2SMILE Mark "before the USPTO grants me approval" (ECF No. 37-2) and Defendants' confirmation in their opposition brief that Dr. Oestervemb intends "to adopt the ALIGN2SMILE mark pending clearance from the TTAB" (ECF No. 39, at 5:6-8) confirm that Defendants may never use the ALIGN2SMILE Mark—and that this non-use, too, is part of their plan. *See Team Angry Filmworks, Inc. v. Geer*, 171 F. Supp. 3d 437, 447 (W.D. Pa. 2016) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)) (holding a dispute is not sufficiently "real" to support declaratory judgment jurisdiction "if it involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all'"). And the issue of the ALIGN Marks's validity is only a subsidiary question to the ultimate question of whether the USPTO grants approval of the ALIGN2SMILE Mark. Accordingly, "[t]he TTAB is the appropriate forum to resolve the only concrete dispute between the parties" as to the ALIGN Marks. *See Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 397 (S.D.N.Y. 2011).

That Defendants' potential future use of the ALIGN2SMILE Mark is contingent on outcomes in other forums further distinguishes this case from *Paksense, Inc. v. Am. Thermal Instruments, Inc.*, No. CV 1:10-325 WBS, 2012 WL 13018384 (D. Idaho Jan. 10, 2012). Defendants argue that Align's only basis for distinguishing *Paksense* is that there, the plaintiff sold the allegedly infringing product prior to seeking a declaratory judgment. In *Paksense*, however,

the court held that it had declaratory judgment jurisdiction where the plaintiff would have been ready to resume selling the product immediately but for a determination by the court of its claim for a declaratory judgment of non-infringement. *See id.* at *8. Here, Defendants have indicated that they do not intend to sell products using the ALIGN2SMILE Mark until after approval by the USPTO of Dr. Oestervemb's registration. And such approval is not entirely contingent on the validity of the ALIGN Marks. Even if this Court were to conclude that the ALIGN Marks are invalid, this would not alone result in registration of the ALIGN2SMILE Mark such that Defendants could engage in their intended course of conduct. There is still the question of confusion, and Dr. Oestervemb would need to submit an acceptable "statement of use" to the USPTO. *See* 15 U.S.C. § 1051(d); 37 C.F.R. § 2.88. In these circumstances, there is no live case or controversy with respect to the ALIGN Marks for the Court to decide. *See Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014) (holding declaratory judgment jurisdiction is proper where the parties "have adverse legal interests over a dispute of sufficient reality that is *capable of conclusive resolution through a declaratory judgment*" (emphasis added)).

  Defendants also fail to show that there is a justiciable case or controversy here because they have not met their burden of showing the requisite planned use of the ALIGN Marks. Under the "imminent intention and ability test," declaratory judgment jurisdiction may be proper if a plaintiff is "engaged in a course of conduct evidencing a 'definite intent and apparent ability to commence use' of the marks on the product." *Intel Corp. v. CFW Wireless, Inc.*, No. 99-CV-83, 2000 WL 1455830, at *2 (W.D. Va. Sept. 15, 2000) (quoting *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 595-96 (2d Cir. 1996)). In other words, the declaratory plaintiff "must be engaged in meaningful preparation such that it is actively preparing to produce the article in question. This is the last point before the point of no return." *Starter*, 84 F.3d at 596 (citations and internal quotation

marks omitted). Accordingly, a court may have jurisdiction where the declaratory plaintiff "has produced prototypes or samples of the allegedly infringing products, begun soliciting—and advertising to—potential customers, or otherwise invested significant sums of money in preparation for producing the goods." *AARP v. 200 Kelsey Assocs., LLC*, No. 06 CIV. 81 (SCR), 2009 WL 47499, at \*9 (S.D.N.Y. Jan. 8, 2009); *see also Starter*, 84 F.3d at 596 (finding a case or controversy where declaratory plaintiff had "designed styles and prepared prototype shoes; conducted a consumer survey; made strategic decisions regarding who should manufacture the shoes; hired an external licensing agent; … attempted to find a manufacturing partner"; and was therefore "immediately prepared, at the time the complaint was filed, to begin manufacture and sale of shoes bearing the [marks at issue]").

This Court's decision in *Intel Corp. v. CFW Wireless, Inc.* is instructive. In *Intel*, the Court held it had jurisdiction over CFW's counterclaim for a declaratory judgment "approving the defendant's use of the mark 'InTelos'" because it was satisfied that CFW had the requisite definite intent and apparent ability to immediately begin use of that mark. 2000 WL 1455830, at \*1-3. CFW had been *already using* the very similar mark "Intelos" in its existing products and so clearly had the ability to immediately implement the "InTelos" mark. *See id.* at \*2-3. Intel had sued CFW for infringement of the "Intelos" mark and CFW had "repeatedly represented to the court that, if Intel prevails on the primary infringement claim, CFW immediately will implement use of the 'InTelos' mark." *Id.* at \*3. In these circumstances, the Court held that CFW had demonstrated definite intent and apparent ability to proceed on its intended course of action upon a decision by the Court, so there was a live case or controversy.[1] *Id.*

---

[1] Defendants also cite *Gilman & Bedigian, LLC v. Sackett*, No. CV CCB-19-3471, 2021 WL 4417250 (D. Md. Sept. 27, 2021). In *Gilman*, however, jurisdiction was predicated on the declaratory judgment plaintiff's actual use of the mark, a factor which is absent here. *See id.* at

4

The instant case differs from *Intel* in several critical respects. Here, the Defendants' allegations indicate only a contingent, indefinite intent and do not speak to apparent ability, so there is no live case or controversy. *See Virgin Enterprises Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 228 (E.D. Va. 2000) (quoting *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980)) (holding there was no declaratory judgment jurisdiction over a trademark dispute where there was no evidence that the declaratory plaintiff had "engaged in preparations for production such that but for a finding that the product infringes or for extraordinary and unforeseen contingencies, the plaintiff would and could begin production immediately"); *see also Matthews Int'l Corp. v. Biosafe Eng'g, L.L.C.*, 695 F.3d 1322, 1328 (Fed. Cir. 2012) (holding a dispute "lacks immediacy" to support declaratory judgment jurisdiction where there are no allegations about "when, if ever," the product will be "used in a manner that could potentially infringe" the intellectual property rights of another). This is consistent with the cases, cited in Align's opening brief (ECF No. 37, at p. 7)—which Defendants do not attempt to distinguish in their opposition brief—holding that "the existence of a dispute before the TTAB is insufficient to establish sufficient adversity for purposes of a declaratory judgment action." *E.g.*, *Hogs & Heroes Found. Inc. v. Heroes, Inc.*, 202 F. Supp. 3d 490, 495 (D. Md. 2016) (quoting *Vina Casa Tamaya S.A.*, 784 F. Supp. 2d at 395).

Defendants allege only that Dr. Oestervemb filed an intent-to-use application for ALIGN2SMILE and that "[h]e has not yet used the ALIGN2SMILE mark." ECF No. 28 (Defendants' First Amended Counterclaims), ¶ 6. Defendants' First Amended Counterclaims contain no other allegations showing definite intent or apparent ability to use the mark. And, as

---

*2 ("G&B spent over $7 million on advertising which used the trademarks at issue, such that it believes it created significant goodwill among its client base.").

discussed above, Dr. Oestervemb admits he has "no intention" to use the ALIGN2SMILE Mark "before the USPTO grants [him] approval." ECF No. 37-2.  In such circumstances, there is no live dispute concerning the ALIGN Marks for this Court to decide.

Defendants argue that "where an infringement action will proceed, 'it normally makes sense for the court to resolve a companion validity claim at the same time, *if* the issues underlying the two claims overlap to an extent that makes this course sensible.'" *See Duke Univ. v. Universal Prod. Inc.*, No. 1:13CV701, 2014 WL 1795708, at *4 (M.D.N.C. May 6, 2014) (quoting *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 81 (1st Cir. 1996)).  But Defendants have not identified any overlapping issues between their counterclaims concerning the invalidity of the ALIGN Marks and Align's claims for infringement of the INVISALIGN Marks, because no such relationship exists.

Finally, Defendants object that Align's position amounts to gamesmanship.  This assertion is baseless.  It is not gamesmanship for Align to object to Defendants' claims where subject-matter jurisdiction is lacking.  Rather, Align's position represents an appropriate and efficient application of the law.  Defendants note that because "Dr. Oestervemb did not file the TTAB counterclaims as a matter of right, the TTAB has the discretion to grant or deny leave to file those claims" and that Align has opposed Dr. Oestervemb's request for leave in the TTAB.  ECF No. 39, at p. 7 n. 1.  But Defendants' counterclaims are already appropriately before the TTAB, including, as Defendants point out, the question of whether Dr. Oestervemb unduly delayed in bringing them (an issue that Defendants try to avoid by filing them in a different forum).  *See id.*  And, as Align indicated in its opening brief, Align will not oppose lifting of the stay in the TTAB.  If this Court were to decide the validity of the ALIGN Marks, the matter of the registrability of the ALIGN2SMILE Mark would still ultimately need to be decided in the USPTO.  Align therefore

submits that this issue—unrelated as it is to the core infringement issue in this case—remains properly before the TTAB, and respectfully requests that the Court dismiss Defendants' First Amended Counterclaims 1-3.

Respectfully Submitted,

ALIGN TECHNOLOGY, INC.
*By Counsel*

__/s/_____
Ryan V.P. Dougherty (VSB No. 78444)
William R. Poynter (VSB No. 48672)
KALEO LEGAL
4456 Corporation Lane
Suite 135
Virginia Beach, Virginia 23462
Tele: (757) 761-0934
Fax: (757) 304-6175
rdougherty@kaleolegal.com
wpoynter@kaleolegal.com

Jennifer Seraphine (*pro hac vice*)
Jacob S. Zweig (*pro hac vice*)
TURNER BOYD
702 Marshall Street
Suite 640
Redwood City, California 94063
Tele: (650) 521-5930
Fax: (650) 521-5931
seraphine@turnerboyd.com
zweig@turnerboyd.com

## CERTIFICATE OF SERVICE

I hereby certify that the attached pleading was filed on September 30, 2022 using this Court's CM/ECF filing service and, accordingly, a copy was provided to counsel of record.

    /s/_____
Ryan V.P. Dougherty (VSB No. 78444)
William R. Poynter (VSB No. 48672)
KALEO LEGAL
4456 Corporation Lane
Suite 135
Virginia Beach, Virginia 23462
Tele: (757) 238-6383
Fax: (757) 304-6175
wpoynter@kaleolegal.com
rdougherty@kaleolegal.com

*Counsel for Plaintiff Align Technology, Inc.*