UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>      Plaintiff,<br><br> v.<br><br>SMILES OF VIRGINIA FAMILY DENTAL CENTER, PLLC and DR. NIELS OESTERVEMB,<br><br>      Defendants. | Civil Action No. 5:22-cv-00038-MFU |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the Parties submit this joint discovery plan. Pursuant to Fed. R. Civ. P. 26(f), the Parties conferred on October 27, 2022, to formulate this plan, and have agreed as follows:

 **A. Timing, Form, or Requirement of Rule 26(a) Disclosures – Fed. R. Civ. P. 26(f)(3)(A)**

The Parties will exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **November 10, 2022**, as set forth under Fed. R. Civ. P. 26(a)(1)(C). They agree that no changes in the form or requirement of initial disclosures under Fed. R. Civ. P. 26(a) should be made.

 **B. Subjects, Completion, or Limitation of Discovery – Fed. R. Civ. P. 26(f)(3)(B)**

Counsel expect discovery on the claims set forth in the Plaintiff's complaint and the defenses set forth in the Defendants' answer to the complaint. The scope of discovery may expand as discovery progresses. The Parties agree that discovery on issues relating solely to Defendants' counterclaims that are the subject of the pending motion to dismiss shall follow a decision on that

1

motion (subject to further discussion should such decision not issue within a reasonable time of the hearing set for November 17, 2022). Discovery will be completed **90 days before trial.**

The Parties agree that **expert discovery** is necessary and propose that the party bearing the burden of proof on an issue make its opening expert disclosures 45 days before the close of discovery and that the opposing party make its responding disclosures 15 days before the close of discovery. Depositions of any expert witness will take place after that expert's report has been served. The Parties agree to cooperate to ensure that depositions of retained experts are completed within the discovery deadline to the extent possible.

C. **Electronically Stored Information – Fed. R. Civ. P. 26(f)(3)(C)**

The Parties do not anticipate any issues with respect to electronically stored information. In the event a Party requests electronically stored information, the producing Party will produce the electronically stored information in its native format. If production of such information in its native format is not possible, then the producing Party will make reasonable efforts to produce such information in an equivalent format. The Parties agree that they must undertake reasonable and good faith efforts to preserve electronically stored information relevant to the claims or defenses in this matter, including e-mails and other electronic documents (including those in formats such as Word, Excel, PowerPoint, PDF, tiff, and other off-the-shelf applications and those in proprietary formats).

D. **Privilege and Protected Materials – Fed. R. Civ. P. 26(f)(3)(D)**

The Parties agree that to the extent any Party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The Parties agree that attorney-client privileged communications and attorney work product created after the dispute between the Parties commenced, including the proceedings before the Trademark Trial and Appeals Board, do not need to be stated on any privilege log.

The Parties agree that a document protective order, and specifically a two-tiered protective order including a designation for Attorneys' Eyes Only material, may be necessary in this matter. The Parties will jointly propose an order for entry by the Court.

### E.  Changes in the Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E)

The Parties do not request any changes in the limitations of discovery at this time.

### F.  Any Other Orders that the Court Should Issue – Fed. R. Civ. P. 26(f)(3)(F)

The Parties do not request any such orders at present.

### G.  Possibility of a Prompt Settlement or Resolution of the Case

The Parties have discussed the potential for resolving this matter and have agreed that an early Settlement Conference before a Magistrate Judge in this District may assist in reaching a settlement of this matter.  The Parties will be prepared to discuss this with the Court during the Case Management Conference.

### H.  Trial by Magistrate Judge

At this time, the Parties do not consent to a trial before a Magistrate Judge.

**WHEREFORE**, the Parties respectfully request this Court to amend the scheduling order consistent with the foregoing plan.

Dated:  November 8, 2022                                      Respectfully submitted,

       _/s/ Ryan V.P. Dougherty_____
       Ryan V.P. Dougherty (VSB No. 78444)
       William R. Poynter (VSB No. 48672)
       KALEO LEGAL
       4456 Corporation Lane
       Suite 135
       Virginia Beach, Virginia 23462
       Tele: (757) 761-0934
       Fax: (757) 304-6175
       rdougherty@kaleolegal.com
       wpoynter@kaleolegal.com

       Jennifer Seraphine (*pro hac vice*)
       Jacob S. Zweig (*pro hac vice*)

TURNER BOYD
702 Marshall Street
Suite 640
Redwood City, California 94063
Tele: (650) 521-5930
Fax: (650) 521-5931
seraphine@turnerboyd.com
zweig@turnerboyd.com

*Counsel for Plaintiff*
*Align Technology, Inc.*


  /s/ Stephen L. Pettler, Jr.
Stephen L. Pettler, Jr. (VSB No. 44436)
HARRISON & JOHNSTON, PLC
21 S. Loudoun Street
Winchester, VA 22601
Tele: 540-667-1266
pettler@harrison-johnston.com

Gary L. Eastman (*pro hac vice*)
Sara Gold (*pro hac vice*)
EASTMAN IP
401 W. A Street, Suite 1785
San Diego, CA 92101
Tele: 619-230-1144
gary@eastmanip.com
sara@eastmanip.com

*Counsel for Defendants*
*Smiles of Virginia Family Dental Center, PLLC and Dr. Niels Oestervemb*