IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., *Plaintiff,* v. SMILES OF VIRGINIA FAMILY DENTAL CENTER, PLLC and DR. NIELS OESTERVEMB, *Defendants*. | Case No. 5:22-cv-00038-MFU |

**STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for trial, pursuant to Fed. R. Civ. P. 26(c), and having found good cause, it is hereby ORDERED THAT:

**A.    Definitions**

1. Party: Any Party to this action, including individuals, officers of corporations, partners of partnerships, members of limited liability companies/corporations, and management employees of any type of business organization.

2. Material: All information, documents, electronically stored information ("ESI"), testimony, and any other information served or otherwise provided during the course of this action by Parties or nonparties.

3. ATTORNEYS' EYES ONLY (trade secret/commercially sensitive) Material: Information, documents, and things that are highly proprietary and/or competitively sensitive, and for which the risk of improper use arising from disclosure outweighs the rights of the Receiving Party to freely review the item. Such material may include the following types of information: (a) sensitive technical information, including current research, development and manufacturing information; (b) sensitive business information, including highly sensitive financial or marketing information; (c) competitive technical information, including technical analyses or comparisons of competitors' products or services; (d) competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitors' products or services, and strategic product/service expansion plans or (e) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing Party reasonably and in good faith believes would likely cause harm.

4. CONFIDENTIAL Material: Information that is not readily available to the general public and that is sensitive and/or could cause competitive harm if disclosed to an unauthorized person. CONFIDENTIAL Material shall also include private, not-public personal information, such as personal health or medical information and an individual's personal credit, banking or other financial information. No item shall be deemed "CONFIDENTIAL" if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Protective Order.

5. Producing Party: A Party or non-party that produces Material in this action.

6. Receiving Party: A Party that receives Material from a Producing Party.

7. Designated Material: Material that is designated "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to this Order.

8. Designating Party: A Party or non-Party that designates Material as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

9. Outside Counsel:  (i) Counsel who have filed an appearance in this action on behalf of one or more Parties; (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters; (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action; and (iv) professional vendors retained to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, and vendors to prepare demonstrative or audiovisual aids provided they execute the Certificate attached as Exhibit A.

10. Outside Consultant: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Outside Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of an opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of an opposing Party.

11. Non-Party Witnesses: Any individuals to testify in their individual capacity or any entity that is not a party to this action to testify during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

**B.      Scope of Order**

12.  This Order shall govern any Material produced in this action and designated pursuant to this Order, including all designated discovery depositions, all designated testimony depositions and declarations and affidavits, all designated deposition exhibits and testimony exhibits, interrogatory answers, admissions, documents and other discovery and testimony materials, whether produced informally, as part of mandatory disclosures, or in response to interrogatories, requests for admissions, requests for production of documents or other methods of discovery.

13. In determining the scope of information that a Party may designate as its Designated Material, each Party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Designated Material and responses to requests to permit further disclosure of Designated Material shall be made in good faith and not (1) to impose burden or delay on an opposing Party, or (2) for tactical or other advantage in litigation.

14. This Order shall also govern any Material produced or provided in this action pursuant to required disclosures under any applicable federal procedural rule or Court rule and any supplementary disclosures thereto.

15. This Order shall apply to the Parties and to any non-Party from whom discovery or testimony may be sought in connection with this proceeding and who desires the protection of this Order.

**C.      Classes of Protected Information and Access Thereto**

16. ATTORNEYS' EYES ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party must shield ATTORNEYS' EYES ONLY Material from public access and from access by the Parties. ATTORNEYS' EYES ONLY Material shall only be available for review by Outside Counsel for the Parties and by Outside Consultants for the Parties, if said Outside Consultants comply with the requirements set forth in paragraphs 19-21 below.

17. CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party must protect CONFIDENTIAL Material from public access. CONFIDENTIAL Material shall only be available for review by Outside Counsel, Outside Consultants, and in-house counsel, management or executive-level employees of Parties who in-house counsel and Outside Counsel reasonably and in good faith believe need access to the CONFIDENTIAL Material.

**D.      Material Not to Be Designated as Protected**

18.   Material may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order; (b) is acquired by a non-designating Party or non-Party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating Party or non-Party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating Party or non-Party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating Party with the approval of the Designating Party.

E.  **Disclosure to Any Individual**

19. Prior to disclosure of Designated Material to any individual not already provided access to such Material by the terms of this Order, the individual shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that the Order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any Designated Material until the Party proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached to this Order. *See* Exhibit A. The Party receiving the completed form shall retain the original.

F.  **Disclosure to Outside Consultants**

20. Any Party proposing to share Designated Material with an Outside Consultant must also notify the Party who designated the Material as protected. Notification must be personally served or forwarded by certified mail, return receipt requested, or by email, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant.

21. The Party receiving the notice shall have ten (10) business days to object to disclosure to the Outside Consultant. If objection is made, then the Parties must negotiate the issue in good faith before raising the issue before the Court. If the Parties are unable to resolve their dispute, then it shall be the obligation of the Party proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts the Parties have made to resolve their dispute. The Party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

G.  **Responses to Written Discovery**

22. Answers to interrogatories under Federal Rule 33 and responses to requests for admission under Federal Rule 36 (whether in a paper or electronic form) and which the responding Party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the Disclosing Party learns of its error, by informing all adverse parties, in writing, of the error.

H. **Production of Documents**

23. If a Party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring Party, including ESI, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation. If the responding Party makes documents available for inspection and copying by the inquiring Party, all documents shall be considered protected during the course of inspection. After the inquiring Party informs the responding Party what documents are to be copied, the responding Party will be responsible for prominently stamping or marking the copies with the appropriate designation.

I. **Depositions**

24. Designated Material produced during an oral discovery deposition or a discovery deposition upon written questions, or testimony submitted by affidavit or declaration, shall be noted appropriately as such by the producing or offering Party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

25. During discussion of any non-documentary protected information, the interested Party shall make oral note on the record of the protected nature of the information.

26. The transcript of any deposition (whether for discovery or testimony purposes) and all exhibits or attachments shall be considered protected for 30 days following the date of service of the transcript by the Party that took the deposition. During that 30-day period, either Party may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation. Appropriate stampings or markings should be made during this time, if not already done so. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**J.     Briefs**

27. When filing briefs, memoranda, affidavits and/or declarations in support of a motion, or briefs at final hearing, the portions of these filings that are or contain Designated Material whether information of the filing Party, or any adverse Party, or any non-Party witness, should be redacted and comply with the filing procedures and redaction guidelines set forth in Local Rule 9.

**K.     Handling of Protected Information**

28. Disclosure of Material protected under the terms of this Order is intended only to facilitate the prosecution or defense of this action. The recipient of any Designated Material disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using, disseminating, retaining, returning, and destroying the information.

**L.     Acceptance of Information; Inadvertent Disclosure**

29. Acceptance by a Party of Designated Material shall not constitute an admission that the Material is, in fact, entitled to protection. Inadvertent disclosure of Material which the Disclosing Party intended to designate as protected shall not constitute waiver of any right to claim the Material as protected upon discovery of the error. In the event a Party inadvertently files a

document containing protected information, such Party should immediately inform the Court and resubmit a redacted, publicly available copy of such document.

30. If, through inadvertence, a Producing Party provides any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Material during this action without marking the Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Producing Party may subsequently inform the Receiving Party in writing of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the disclosed Material, and the Receiving Party shall treat the disclosed Material in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such Material that has been disclosed to persons not authorized to receive the Material under the terms hereof.  A Party objecting to any such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall follow the procedures set forth in paragraph 33 below.  Prior disclosure of Material later designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a violation of this Order.

31. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Certificate of Compliance" that is attached hereto as Exhibit A.

32. If a Disclosing Party through inadvertence produces or provides Material that it believes is subject to a claim of attorney-client privilege, work-product protection, or any other privilege, the Disclosing Party may give written notice to the Receiving Party that the Material is

subject to a claim of privilege or other protection. Upon receipt of such notice, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Further, pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information, including Designated Materials, shall not constitute a waiver of any privilege or other protection (including work product) for the protected communications or information or the subject matter of the protected communications or information if the Disclosing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. Such a disclosure is also not a waiver in any other federal or state proceeding.

**M.     Challenges to Designations of Information as Protected**

33. If the Parties disagree as to whether certain information should be protected, the Parties shall first negotiate in good faith regarding the designation by the Disclosing Party. If the Parties are unable to resolve their differences, the Party challenging the designation may make a motion before the Court seeking a determination of the status of the Material. The burden of establishing protection shall be on the Designating Party.

**N.     Other Rights of the Parties**

34. This Order shall not preclude the Parties from making any applicable claims of privilege during discovery or at trial. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

**O.     Duration; Final Disposition**

35. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

36. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted, or (ii) the complete settlement of all claims against all the Parties in this action, the Receiving Party must submit a written confirmation of the return or destruction of all Designated Material to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, the Outside Counsel may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or Outside Counsel work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in section.

**SO ORDERED.**

DATED: This 28th day of December, 2022.

                                                        **BY THE COURT:**

                                                        **Hon. Joel C. Hoppe**
                                                        **United Stated Magistrate Judge**

## EXHIBIT A

## CERTIFICATE OF COMPLIANCE

      Designated Material, in whole or in part, and the information contained therein which has been produced by the parties to this action pursuant to the attached Protective Order has been disclosed to me, and by signing this Certificate of Compliance, I acknowledge and agree that I have read, understand, and am subject to the provisions of the Protective Order and will not disclose such Designated Material in whole or in part or in any form or the information contained therein to any person, corporation, partnership, firm, governmental agency or association other than those persons who are authorized under the Protective Order to have access to such information.

_____
Date

_____
Signature

_____
Name (print)

_____
Organization/Entity